**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **JULIA BONNEWITZ,** | § | |
| | § | |
| **Plaintiff,** | § | **Case No. 6:21-cv-00491-ADA-DTG** |
| | § | |
| **v.** | § | |
| | § | |
| **BAYLOR UNIVERSITY,** | § | |
| | § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

**TO:  THE HONORABLE ALAN D ALBRIGHT,**
      **UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant's 12(b)(6) Motion to Dismiss for Failure to State a Claim. ECF No. 7. After careful consideration of the briefs and the applicable law, the Court **RECOMMENDS** that Defendant's Motion be **GRANTED**.

## I.      FACTUAL BACKGROUND

In the Fall of 2017, Plaintiff Julia Bonnewitz sought to try out for Baylor University's Women's Tennis team but was told that she should join a "club" team instead. ECF No. 6 ¶ 14. Ms. Bonnewitz later participated in a Title IX investigation involving the Baylor Tennis Director and Men's Tennis coach, Brian Boland, during the Summer of 2020. ECF No. 6 ¶ 43.  Following the investigation, Defendant Baylor University again denied Ms. Bonnewitz an opportunity to try

1

out for the Women's Tennis team, stating that there was no spot for her and that the decision had been made before the Title IX investigation. ECF No. 6 ¶¶ 57, 59.

Plaintiff filed this lawsuit accusing Baylor of retaliation for her participation in the Title IX investigation. *Id.* ¶ 71. Plaintiff claims to have suffered emotional pain and humiliation and seeks monetary damages. *Id.* ¶ 72.

Defendant moves to dismiss the case under Federal Rule of Civil Procedure 12(b)(6). ECF No. 7.

## II.    LEGAL STANDARD

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

2

### III.   DISCUSSION

**A.   Defendant does not conflate an evidentiary standard and a pleading standard.**

As an initial manner, Plaintiff alleges that "Defendant conflates an evidentiary standard and a pleading standard." ECF No. 8 at 14. The Court disagrees with Plaintiff's framing of Defendant's arguments. Defendant does not argue that Plaintiff must prove a prima facie case, nor does Defendant argue against the facts as pled by Plaintiff. Defendant argues that the facts as pled by Plaintiff in her Complaint, even if taken as true, do not state a legally cognizable claim that is plausible. *See generally* ECF No. 7. It is appropriate to consider the elements of a cause of action at the 12(b)(6) stage, as Plaintiff is "required to allege facts to satisfy the elements of a cause of action." *Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017).

**B.   Plaintiff has not pled facts that state a plausible claim for Title IX retaliation.**

To survive a 12(b)(6) motion to dismiss on a Title IX retaliation claim, Plaintiff must plead facts that state a plausible claim for retaliation. A claim for retaliation under Title IX requires the plaintiff to show that (1) she engaged in a protected activity; (2) she suffered an adverse action; and (3) a causal connection exists between the protected activity and the adverse action. *Willis v. Cleco Corp.*, 749 F.3d 214, 317 (5th Cir. 2014).

Defendant does not allege that Plaintiff's allegations of participation in a protected activity are insufficient but does challenge Plaintiff's complaint as to the other two elements.

### 1.   Plaintiff has not alleged that Defendant's official policy violated Title IX or that Defendant was deliberately indifferent.

Defendant argues that Plaintiff "has not identified any official policy that contributed to the alleged retaliation," thus, Plaintiff must allege deliberate indifference that allowed or created

the alleged retaliatory conduct. ECF No. 7 at 6. Plaintiff does not address this argument in either her Response or Notice of Supplemental Authority.[1] *See* ECF No. 8, ECF No. 14.

A retaliation plaintiff must show that the funding recipient or its representatives took an adverse action against her—which typically means the funding recipient itself signed off on the adverse action. *E.g. Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171–72 (2005). Plaintiff's Complaint does not allege an official policy constituted the alleged retaliatory conduct. "When a case does not involve the funding recipient's 'official policy,' Title VI and Title IX require deliberate indifference." *Sewell v. Monroe City School Board*, 974 F.3d 577, 588 (5th Cir. 2020) (affirming dismissal of a retaliation claim due to a lack of deliberate indifference pleading). Plaintiff has not pled facts supporting actual notice and deliberate indifference to the alleged retaliatory conduct. As a result, this is one basis on which her claims should be dismissed.

### 2. Plaintiff's complaint alleges sufficient facts that support an inference that she suffered an adverse material action.

Defendant argues that Plaintiff's complaint is insufficient because the only allegation of a material adverse action is the continued denial of a chance to "tryout" for the tennis team, which Defendant claims is based on the assumption that "Baylor affords *any* student a chance to tryout for any athletic team despite a prior denial of such a chance." ECF No. 7 at 10. Plaintiff argues that an adverse action in the Title IX context can include a denial of an educational opportunity to try out for a team. ECF No. 8 at 11.

Only retaliation that produces an injury or harm resulting from an action that is materially adverse is actionable. *Burlington N. & Santa Fe Ry. Co. v.* White, 584 U.S. 53, 68 (2006). An

---

[1] Plaintiff briefly attempts to distinguish *Sewell v. Monroe City Sch. Bd.* in a footnote to her claim regarding the causal connection, but does not address the necessity of deliberate indifference. ECF No. 8 at 13, n. 12.

action is "materially adverse" for purposes of a Title IX retaliation claim if it might have dissuaded a reasonable person from making or supporting a charge of discrimination. *See id.* at 69.

Plaintiff has pled facts that support an inference that she suffered a materially adverse action. In this case, Plaintiff must plead that a person in her position—a senior who Baylor had previously denied the opportunity join the tennis team—would not participate in the investigation out of fear that she would not be given an opportunity to tryout. Plaintiff acknowledges in her complaint that she had been denied an opportunity to join the Women's Tennis team three years before participating in the protected activity. Plaintiff also pled, however, facts supporting the allegation that she was actively working towards an opportunity to tryout and was encouraged by the Men's Tennis coach to try and join the Women's Tennis team. *See* ECF No. 6 at ¶¶ 15, 17–19. Plaintiff further alleged several specific allegations of inappropriate conduct by the Men's Tennis team coach, and that she participated in an investigation of that coach only after expressing her concern about participating in the Title IX investigation because she wanted to play tennis. *Id*. at ¶¶ 41–53. Taken as true, these facts support an inference that Plaintiff suffered a materially adverse action. Plaintiff sufficiently pled facts that plausibly show that a reasonable person in her position would not participate in the protected activity out of fear that she would not be given a tryout.

### 3. Plaintiff's complaint fails to allege sufficient facts to support a causal connection between the protected activity and the alleged adverse action.

Defendant argues that Plaintiff did not "plead sufficient facts to demonstrate that there was a causal connection between her engagement in a protected activity in 2020 and the claimed adverse action of refusing her a tryout in August 2020, since the coach denied her a tryout in 2017." ECF No. 7 at 2. Plaintiff contends that a causal connection exists because "only 39 days elapsed between the beginning of the participation of the investigation and Defendant's refusal of the educational and athletic opportunity of the tryout." ECF No. 8 at 12.

The Court notes that Plaintiff has not pled sufficient facts to support an inference of but-for causation. Title IX retaliation claims require that Plaintiff demonstrate that the desire to retaliate was the but-for cause of the adverse action. *Univ. of Tex. Sw. Med. Ctr. V. Nassar*, 570 U.S. 338, 352 (2013).  Plaintiff does not plead sufficient facts to allege that the 2020 denial of an opportunity to try out for the Women's Tennis team resulted from her participation in the Title IX investigation, rather than a continuation of the 2017 text saying that "she could not join the tennis team." ECF No. 6 at ¶ 14. The facts as pled by Plaintiff show that Defendant's conduct with respect to Plaintiff's ability to tryout both before and after her participation in the Title IX investigation was consistent. Plaintiff alleges that she was communicating with Boland to ask for help joining the Women's Tennis team, and that he told her he "would need to think about what the best approach would be." *Id*. at ¶ 19. Plaintiff has not alleged any facts showing that any individual at Baylor had offered her a tryout before participation in the Title IX investigation or even suggested that she would be given a tryout. Plaintiff has affirmatively alleged that she was previously denied the opportunity to join the team, years before participation in the Title IX investigation. An adverse action cannot be Plaintiff's basis for her retaliation claim if the action was set in motion before she participated in the Title IX investigation. *Piligian v. Icahn Sch. Of Med. at Mount Sinai*, 490 F.Supp.3d 707, 722 (S.D.N.Y. 2020). Plaintiff has not pled any facts that would suggest a causal relationship between her participation in the Title IX investigation and the adverse activity complained of.

**C.      Plaintiff specifies damages for which there is no legal relief under Title IX.**

Plaintiff claims that she suffered emotional pain and humiliation and seeks monetary damages. ECF No. 6 ¶ 72. Defendant argues that in light of the Supreme Court's recent decision in *Cummings v. Premier Rehab Keller PLLC*, which prohibits emotional distress damages for Title

IX retaliation claims, Plaintiff has only claimed damages for which there is no legal relief, and her claim should be dismissed. ECF No. 17 at 3; 142 S.Ct. 1562 (2022). Plaintiff asserts that she has adequately pled "monetary damages." ECF No. 19 at 1.

On April 28, 2022, the U.S. Supreme Court barred recovery of emotional distress damages under anti-discriminatory legislation such as Title IX. *Cummings v. Premier Rehab Keller PLLC*, 142 S.Ct. 1562, 1572 (2022). Congress passed Title IX legislation pursuant to its power granted by the Spending Clause of the Constitution. *Id.* at 1568. Spending Clause legislation is analogous to a contract because it operates based on consent. *Id.* at 1570. Recipients must agree to comply with federally imposed conditions in return for federal funding. *Id.* A particular remedy is available in a Title IX action only if the recipient of the funds is "on notice" that, by accepting federal funding, it exposes itself to liability of that nature. *Id.* Following the contract analogy, a funding recipient is not only on notice of those damages explicitly provided in the legislation but also of those remedies traditionally available in suits for breach of contract. *Id.* at 1571. Generally, emotional distress damages are not available for breach of contract. *Id.* at 1565. Some jurisdictions allow for these damages in particular settings, but many states reject this approach. *Id.* For these reasons, the Court held that federal funding recipients do not have "clear notice" of liability for emotional distress damages. *Id.* at 1576.

Plaintiff therefore seeks damages that are not recoverable under Title IX. Plaintiff alleges that she "suffered emotional pain and humiliation and seeks monetary damages." ECF No. 6 ¶ 72. Damages for emotional distress are not recoverable for violations of anti-discrimination statutes, including Title IX. *See Cummings*, 142 S.Ct. at 1572. In response to *Cummings*, Plaintiff concedes that emotional distress damages are not available. ECF No. 19 at 1.   However, Plaintiff also seeks compensatory relief for the claimed injury in the form of unspecified "monetary damages". *Id.*

In Plaintiff's Court-Ordered Supplementary Memorandum, she attempts to sever the claimed injury and the relief sought. ECF No. 19 at 3. Plaintiff argues that she still has a right to pursue a remedy of monetary damages but has failed to specify what comprises those damages. It is unclear what monetary damages Plaintiff believes are encompassed in her Complaint, and Plaintiff does not provide an explanation in her Supplementary Memorandum. *See* ECF No. 19.

As Plaintiff's Amended Complaint is currently written, the only specific damages that Plaintiff is seeking are for emotional pain and humiliation. Thus, even assuming the truth of Plaintiff's factual allegations, the specific damages alleged by Plaintiff are unavailable under *Cummings* and the "monetary damages" fail to include sufficient factual detail to apprise Defendant of the specific damages Plaintiff is seeking. The Court thus believes that the Motion to Dismiss should be granted.

**D.      Plaintiff should be granted leave to amend her complaint.**

Decisions on motions to dismiss are "entrusted to the sound discretion of the district court." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given when justice so requires. *Id.* In determining whether to grant leave to amend, courts consider "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Id*. Absent any such valid justification, leave to amend should be freely given. *Id.*

Accordingly, the Court recommends that the Motion to Dismiss (ECF No. 7) be granted without prejudice and with leave to amend the complaint.

## IV.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant's Motion to Dismiss (ECF No. 7) be **GRANTED** without prejudice with leave to amend the complaint within fourteen days of an order granting Defendant's Motion and dismissing the Amended Complaint (ECF No. 6).

## V.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED** this 12th day of July, 2022.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE