IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JULIA BONNEWITZ,<br>    Plaintiff, | § § § § | |
| v. | § | Case No. 6:21-cv-00491-ADA-DTG |
| | § § | |
| BAYLOR UNIVERSITY,<br>BRIAN BOLAND, and<br>MICHAEL WOODSON,<br>    Defendants. | § § § § § | |

**REPORT AND RECOMMENDATION ON DEFENDANTS BAYLOR UNIVERSITY'S
AND MICHAEL WOODSON'S MOTION TO DISMISS (ECF NO. 30)**

**TO:   THE HONORABLE ALAN D ALBRIGHT,
          UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Baylor University's second Motion to Dismiss, which includes newly added Defendant Woodson's first Motion to Dismiss. ECF No. 30. After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that Defendants' Motion be **GRANTED**, and **DISMISS WITH PREJUDICE** all counts and claims in Plaintiff's Verified Second Amended Complaint as to Defendants Baylor and Woodson.

**I.     BACKGROUND**

Plaintiff's First Amended Complaint was previously dismissed for failing to state a claim against Defendant Baylor. ECF No. 20. That dismissal addressed Plaintiff's First Amended

Complaint that asserted a Title IX Retaliation claim solely against Defendant Baylor. ECF No. 6 at 9. This Court found that Plaintiff failed to allege Defendant Baylor had an official policy that resulted in the retaliation and that Plaintiff failed to plead facts showing deliberate indifference to the alleged retaliatory conduct. ECF No. 20 at 3-4. The Court also found that Plaintiff failed to allege facts plausibly showing a causal connection between the protected conduct and the alleged adverse action. The Court further found that Plaintiff failed to allege specific recoverable damages under recent Supreme Court case law. *Id*. at 5-7. Plaintiff was granted leave to replead and did so while adding additional defendants and expanding her complaint from nine to twenty-nine pages. *Compare* ECF No. 6, *with* ECF No. 24.

Plaintiff's current complaint, Plaintiff's Verified Second Amended Complaint, adds two defendants and several causes of action. ECF No. 24. Plaintiff added Defendants Woodson and Boland to the case. While she has maintained her Title IX claim against Defendant Baylor, Plaintiff added a claim for "direct negligence" against Defendant Baylor, a claim for negligent hiring against Defendant Baylor, a claim for negligent retention against Defendant Baylor, and a claim for direct negligence against Defendants Boland and Woodson. *Id*. at 20 (Count I. Title IX Retaliation – Baylor), 21 (Count II. Direct Negligence – Baylor), 25 (Count III. Negligent Hiring – Baylor), 26 (Count IV. Negligent Retention – Baylor), & 27 (Count V. Direct Negligence – Boland and Woodson).

Despite the additions, Plaintiff's underlying factual allegations have remained unchanged. Plaintiff alleges that she attended Baylor University in hopes of becoming a member of the women's tennis team. *Id*. at ¶ 17. Upon enrollment in the Fall of 2017, however, the women's tennis coach declined to put Plaintiff on the team and encouraged her to play club tennis. *Id*. at ¶ 18. In the fall of 2019, Plaintiff began practicing with the men's tennis student

assistant coach, Juan Benitez, and eventually met Defendants Boland and Woodson. *Id*. at ¶¶ 21-22. Plaintiff contends that Defendant Boland encouraged Plaintiff's hopes of playing on the women's tennis team until May of 2020 when Defendant Boland's conduct caused Plaintiff to believe Defendant Boland was seeking an inappropriate relationship. *Id*. at ¶¶ 23-39. Plaintiff contends that she relied on the encouragement of Defendant Boland when she enrolled in Baylor for the Spring 2020 semester. *Id*. at ¶ 29. Plaintiff alleges that starting on July 16, 2020, she participated in Title IX investigation of Defendant Boland, and on July 29, 2020, Defendant Boland resigned from Baylor. *Id*. at ¶¶ 53-59. Plaintiff contends that she was not given advance notice of Defendant Boland's resignation, was shocked to see Defendant Baylor praise Defendant Boland in the press, and suffered mental anguish when information about texts between Defendant Boland and Plaintiff were leaked to the press. *Id*. at 62. Plaintiff contends that Defendants Baylor and Woodson never checked on her well-being and instead blamed Plaintiff for leaking the story and disparaged her to other student athletes. *Id*. at ¶¶ 65-69. Plaintiff contends that she was ostracized and abandoned by Defendants, given no details about the investigation into Defendant Boland, and never allowed to tryout for the women's tennis team. *Id*. at ¶¶ 70-87.

## II.   DEFENDANTS BAYLOR AND WOODSON'S MOTION IS NOT A MOTION FOR SUMMARY JUDGMENT

Plaintiff attempts to avoid a decision on Defendants' Motion by incorrectly arguing that Defendants' Motion is a motion for summary judgment. Plaintiff contends that Defendants have relied on evidence outside the pleadings and that such reliance converts Defendants' Motion to a Rule 56 Motion for Summary Judgment. ECF No. 31 at 5. The only evidence Plaintiff points to for this allegation, however, is an email attached to Defendants' Motion. *Id*. at 5 n. 4 (pointing to "[t]he Gilbreath email, ECF No. 30-1" and claiming that it is not central to Plaintiff's complaint).

Defendants' Motion refers to that email one time and does so in a footnote. ECF No. 30 at 11 n. 13. Defendants' Motion includes the footnote and email to provide the document from which Plaintiff's Complaint quotes in support of her allegation that Defendant Baylor "induced her into not taking any legal action against Baylor or Boland." ECF No. 24 at ¶ 75. Because Plaintiff's Second Amended Complaint quoted from that email, it may be considered as part of Defendant's Motion without converting it to a motion for summary judgment. *Walker v. Beaumont ISD*, 938 F.3d 724, 735 (5th Cir. 2019) (holding that when a plaintiff refers to a document in the complaint and the document is central to the claims, a defendant may submit the document and the court may consider it under Rule 12(b)(6)). Here, Plaintiff refers to the message in the email as a basis for her equitable tolling allegation. ECF No. 24 at 20. The Court finds that Plaintiff injected this email into her Second Amended Complaint to support her equitable tolling claim, and it is proper to consider it under Rule 12(b)(6). *Walker*, 938 F.3d at 735. Even without considering the email, however, there are sufficient reasons to grant Defendants' Motion as explained below.

### III.     RECOMMENDATION TO GRANT DEFENDANT BAYLOR'S MOTION TO DISMISS PLAINTIFF'S TITLE IX RETALIATION CLAIM.

To assert a plausible claim for Retaliation under Title IX, Plaintiff is required to allege facts supporting three elements. Plaintiff must allege facts showing that (1) she engaged in a protected activity; (2) she suffered an adverse action; and (3) there is a causal connection between the protected activity and the adverse action. *Collins v. Jackson Public Sch. Dist.,* 609 Fed. App'x. 792, 795 (5th Cir. 2015) (citing *Willis v. Cleco Corp.,* 749 F.3d 214, 317 (5th Cir. 2014)). While Plaintiff's Second Amended Complaint identifies policies that she contends were violated, Plaintiff makes no allegation that those policies constituted discrimination or retaliation. *See* ECF No. 24 at ¶¶ 104, 105, & 114-117. Thus Plaintiff must allege facts showing that Defendant Baylor took an adverse action because of Plaintiff's participation in a protected

activity. *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 586 (5th Cir. 2020) (citing *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 170 (5th Cir. 2011)). Because Plaintiff's retaliation claim is not based on an official policy, she must also plead facts sufficient to show actual notice and deliberate indifference of the retaliatory conduct. *Sewell*, 974 F.3d at 586 (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998)).

Rather than respond by identifying facts in the Second Amended Complaint, Plaintiff responded by arguing against a heightened pleading standard. The retaliatory action Plaintiff complains of is not being allowed to tryout for or join Baylor's women's tennis team. ECF No. 24 at ¶ 115 (stating "Defendant refused to allow [Plaintiff] to tryout for the Women's Tennis team in retaliation for [Plaintiff] participating in an internal Title IX investigation . . . ."). The ultimate decision maker for the alleged retaliation is the women's tennis coach, Joey Scrivano, about whom very little is included in Plaintiff's Second Amended Complaint. *Id*. at ¶¶ 18-21, 27-29. The only direct allegation about Mr. Scrivano is that in 2017—years before Plaintiff engaged in the Title IX investigation—he told Plaintiff "that she could not join the tennis team and she could play club tennis instead which could eventually lead to a spot on the team in the future." *Id*. ¶ 18. The only portion of this statement that is new as compared to Plaintiff's First Amended Complaint is the phrase "which could eventually lead to a spot on the team in the future." *Compare id*., *with* ECF No. 6 ¶ 14. Despite considerable additional factual allegations in the Second Amended Complaint, Plaintiff only points to an arguable inference of notice based on five paragraphs in her Second Amended Complaint. ECF No. 31 at 6 (citing ECF No. 24 at ¶¶ 70-72). The rest of Plaintiff's opposition focuses on her argument that a heightened pleading standard should not apply. *See id.* at 11-12.

Plaintiff's Second Amended Complaint fails to allege facts supporting retaliatory conduct, actual notice, or deliberate indifference. Plaintiff's Second Amended Complaint demonstrates consistent conduct—denial of a tryout and place on the women's' tennis team in 2017 and again in 2020. At best, Plaintiff's Second Amended Complaint demonstrates a possible inference of notice by the decisionmaker—Joey Scrivano. *See* ECF No. 31 at 6 (arguing that "Taken in the light most favorable to Plaintiff, there is an inference that Scanavino[sic], Head Coach of Women's Tennis, was aware of Plaintiff's participation in the investigation . . . ."). As for deliberate indifference, rather than point to any factual allegations in support of deliberate indifference, Plaintiff argues that she does not need to plead it. *Id*. at 10.

The Court disagrees with Plaintiff on the requirement of proving deliberate indifference. The Fifth Circuit has unequivocally required allegations of deliberate indifference for a Title IX claim. *Sewell*, 974 F.3d at 586. Plaintiff's reliance on authority from the Fourth Circuit Court of Appeals and factual distinctions in the *Gebser* and *Feminist Majority* cases is unpersuasive considering the plain language of *Sewell*. ECF No. 31 at 11 (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998) and *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 695–96 (4th Cir. 2018)). As previously held, Plaintiff's failure to plead any facts supporting deliberate indifference is one basis for dismissing Plaintiff's Title IX claim. *See* ECF No. 20 at 4. As such, this Court recommends that part of Defendants' Motion be **GRANTED**.

> **A.    Plaintiff has failed to plead facts demonstrating a causal connection with an adverse action under her Title IX claim.**

Plaintiff alleges an adverse action but fails to allege facts that connect the alleged adverse action to her participation in a protected activity. Plaintiff alleges that she was not offered a spot on or given the opportunity to tryout for the women's tennis team at any time after her enrollment at Defendant Baylor in 2017. *See* ECF No. 24. This includes the roughly three-year

period before participating in the protected activity—the Title IX investigation of Defendant Boland. *Id*. The strongest factual statements in the Second Amended Complaint include the addition of an allegation that Women's Tennis coach, Joey Scrivano told Plaintiff that playing club tennis "*could* eventually lead to a spot on the team in the future," and that Deputy Athletics Director Dawn Rodgers "*could* put Ms. Bonnewitz on the team." *Id*. at ¶¶ 18, 20 (emphasis added). Nowhere in the Second Amended Complaint does Plaintiff contend that during the three years between enrolling in 2017 and participating in the Title IX investigation in 2020 she was offered a tryout or a spot on the women's tennis team. She only contends that she was not given either an opportunity to tryout or a spot on the team following her participation in the Title IX investigation. *Id*. at ¶ 87.

Plaintiff's reliance on the temporal proximity between her participation in the Title IX investigation and denial of a tryout is unpersuasive. *See* ECF No. 31 at 10. This argument was previously rejected, and nothing has changed. ECF No. 20 at 6. Despite the additional allegations noted above, Plaintiff has failed to allege any facts that the continued denial of a tryout or spot on the women's tennis team resulted from anything other than a continuation of Coach Scrivano's 2017 decision. *See Wright v. N.Y.C. Off-Track Betting Corp*., No. 05 Civ. 9790 (WHP), 2008 WL 762196, at *5 (S.D.N.Y. Mar. 24, 2008) (noting that an action cannot be the basis of a retaliation claim if that action was set in motion before a party engaged in the protected activity).

Plaintiff's additional allegations of being ostracized or targeted by Defendant Baylor also fail. Plaintiff's allegations are general and directed toward other students—not any decision-makers of Defendant. *See* ECF No. 24 at ¶¶ 80-81 (describing conduct of tennis players and Plaintiff's roommate). The only allegation of such conduct by an employee is one paragraph

alleging on "information and belief" that Defendant Woodson told athletes to avoid Plaintiff and blamed her for Defendant Boland's demise *Id.* at 82. Such allegations do not rise to the level of an adverse action and are too speculative to support a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that factual allegations must rise above the speculative level); *Donaldson v. CDB, Inc.*, 335 Fed. App'x 494, 506 (5th Cir. 2009) (noting that petty slights or annoyances are not adverse actions).

### B. Plaintiff Failed To Plead Damages Recoverable Under Title IX.

Plaintiff has not asserted any damages recoverable under Title IX. As this Court previously held, Plaintiff's emotional distress damages are not recoverable under Title IX. *See* ECF No. 20 at 6-8 (relying on the recent Supreme Court case of *Cummings v. Premier Rehab Keller, PLLC*, 142 S. Ct. 1562 (2022)). Plaintiff previously sought unspecified monetary damages, which she has now clarified to be for tuition reimbursement, lost educational opportunities, economic damages, and nominal damages. ECF No. 24 at ¶ 118; ECF No. 31 at 12. Those allegations fail to state a claim as Plaintiff failed to provide any factual support for the claimed damages. Rather, Plaintiff merely lists the general categories of damages. ECF No. 24 at ¶ 118. Plaintiff also failed to plead any facts demonstrating a factual connection between these categories of damages and her participation in the Title IX investigation. Rather the factual allegations show that she repeatedly enrolled in Baylor despite having never been given a tryout or spot on the Women's Tennis team and enrolled following the investigation. There are simply no factual allegations connecting the claimed tuition reimbursement damages to the Title IX investigation. This failure is an additional reason that Defendant's Motion should be **GRANTED** as to Plaintiff's Title IX claim.

### IV. PLAINTIFF'S NEGLIGENCE CLAIMS AGAINST DEFENDANTS BAYLOR AND WOODSON ALSO FAIL TO STATE A CLAIM.

Defendants contend that Plaintiff made bare conclusory allegations and failed to allege facts to support a negligence claim. Defendants contend that the few allegations against Defendant Woodson are insufficiently conclusory. They also claim that none of the alleged facts—either directly or vicariously against Defendant Baylor or directly against Defendant Woodson—fit any recognized legal duty.

### A.  Defendant's Failed to Demonstrate that Plaintiff's Negligence Claims Are Time-Barred as a Matter of Law Based on the Pleading Stage.

Defendants contend that the facts alleged in the Complaint demonstrate that Plaintiff's negligence claims are barred by limitations. Defendants contend that all the alleged conduct occurred more than two years before the filing of the Second Amended Complaint. ECF No. 30 at 15. Defendants contend that all of Plaintiff's claims against them are subject to either a two-year or one-year statute of limitations and that Plaintiff was aware of the claims more than two years before filing the Second Amended Complaint. *Id*. at 15-16. Defendants further contend that Plaintiff's actual knowledge of the alleged conduct prevents any tolling of the statute of limitations. *Id*. at 16-17

Plaintiff disagrees and contends that her negligence claims are timely because they relate back to the filing of the original complaint. ECF 31 at 14 (citing *Aforigho v. Tape Prods. Co.*, 334 F.R.D. 86, 92 (S.D. Tex. 2020)). Under relation back, Plaintiff contends that her claims against Defendants Baylor and Boland would have been timely if they had been included in her Original Complaint. *Id*. at 15. While not specifically stated, Plaintiff appears to contend that since the claims in her Second Amended Complaint arise from the same facts as those in the Original Complaint, they relate back to the date of the Original Complaint—May 2021—and are therefore timely. *Id*. She also relegates to a footnote the argument that at least some of the

complained of conduct occurred within two years of filing the Second Amended Complaint. *Id*. at 15 n. 14.

The Court is persuaded that Plaintiff's claims against Defendant Baylor are not time-barred on their face. Plaintiff's Original and First-Amended Complaints did not contain the negligence claims she now asserts. *See* ECF Nos. 1 & 6 (Original and First Amended Complaints naming only Baylor University as a defendant and identifying a single claim, which was for Title IX Retaliation). The negligence claims and Defendant Woodson were new additions to Plaintiff's Second Amended Complaint. ECF No. 24. Defendants correctly note that claims will only relate back when they "arise from the same core facts as the timely filed claims." ECF No. 34 at 6 (citing *Mayle v. Felix*, 545 U.S. 644, 657 (2005)). While Defendants point to facts and causes of action that were added to Plaintiff's Second Amended Complaint, all the conduct to which Plaintiff points arose from the same core facts of Defendant Boland allegedly attempting to engage Plaintiff in an improper relationship, Defendant Baylor denying Plaintiff a tryout, and Defendant Baylor allegedly mishandling the investigation. Fed. R. Civ. P. 15(c)(1)(B). Under Rule 15(c), this is sufficient for the Second Amended Complaint to relate back to the original complaint as to Defendant Baylor.

While Plaintiff's claims against Defendant Woodson do not relate back, they are not time-barred on the face of the pleading. The first mention of Defendant Woodson and any alleged conduct by him is in Plaintiff's Second Amended Complaint, which was filed on August 5, 2022. *Compare* ECF No. 24, ¶¶ 2, 13, 22, 25, 27-30, 58, 62, 65, & 69, *with* ECF Nos. 1 & 6. While the general factual basis of Plaintiff's Second Amended Complaint is the same as the earlier complaints, Defendant Woodson's alleged involvement was never mentioned before the Second Amended Complaint. ECF No. 24. That prevents the relation back of claims against

Defendant Woodson and requires any allegedly negligent conduct by Defendant Woodson to occur on or after August 5, 2020. *See* Tex. Civ. Prac. & Rem. Code § 16.003 (applying a two-year statute of limitations to claims for personal injury). At least some of the alleged conduct by Defendant Woodson might have occurred within two years of filing the Second Amended Complaint. ECF No. 24 at ¶¶ 80 & 82 (referring to alleged conduct by Defendant Woodson that occurred after Defendant Boland resigned without specifying a specific date). As these claims are couched as negligence claims for which Plaintiff claims personal injury damages, the Court cannot say at the pleading stage that these claims are governed by the one-year statute of limitations for defamation or that these claims are otherwise time-barred on the face of the pleadings. The Court recommends that this ground of Defendants' Motion be **DENIED**.

      **B.**      **Plaintiff's Failed to Identify a Legal Duty for her Negligence Claims Against Defendants Baylor and Woodson.**

Defendants also contend that they owed no legal duty that could support Plaintiff's negligence claims. They contend that there's no special relationship that creates a duty and that Texas courts have declined to find no general duty exists between a private university and its students. *See Boyd v. Tex. Christian Univ., Inc.*, 8 S.W.3d 758, 760 (Tex. App.—Fort Worth 1999, no writ) (holding that as a matter of law a private university does not owe a duty to provide a safe environment to students at an off-campus event not sponsored by the university); *see also Jane Doe 1, et al. v. Baylor Univ.*, 240 F. Supp. 3d 646, 666-67 (W.D. Tex. 2017) (dismissing claims under the general rule that a university has no general duty to protect its students). Finally, Defendants point out that there is no general duty giving rise to a negligent hiring, training, retention, or supervision claim and that Plaintiff failed to plead facts supporting any such claims. *Castillo v. Gared, Inc.*, 1 S.W.3d 781, 786 (Tex. App.—Houston [1st Dist.] 1999, pet. denied); *see Wal-Mart Stores, Inc. v. Sanchez*, No. 04-02-00458-CV, 2003 WL 21338174, at

*5 (Tex. App.—San Antonio 2003) (citing *LaBella v. Charlie Thomas, Inc.*, 942 S.W.2d 127, 137 (Tex. App.—Amarillo 1997, writ denied)); *see also Doe 1*, 240 F. Supp. 3d at 667.

Plaintiff disagrees and contends that Defendants owed her several duties. She points to a general duty of care when one undertakes to provide services. ECF No. 31 at 15 (citing *Fort Bend Cnty. Drainage Dist. v. Sbrusch,* 818 S.W.2d 392, 396 (Tex. 1991); *Helbing v. Hunt,* 402 S.W.3d 699, 703 (Tex. App.—El Paso 2012, no pet.). In a footnote, she contends that everyone owes a duty of reasonable care to others. *Id*. at 16 n 16. She contends Defendant Baylor owed her a duty to protect her from retaliation. *Id*. at 16 (citing *Lozano v. Baylor Univ*., 408 F. Supp. 3d 861, 893-94 (W.D. Tex. 2019)). Plaintiff also contends that Baylor's failure to follow its policies is a breach of duty. *Id*. at 17. Plaintiff contends that Defendant Baylor was negligent in hiring and retaining several employees—and buried in a footnote seeks leave to amend her negligent hiring claim. *Id*. at 18 & n. 20. Plaintiff points to several cases as examples of Defendants failures and concludes by summarily stating that the social utility of all of Defendant Baylor's complained of conduct is outweighed by the risk to students like Plaintiff such that a special duty should be imposed. *Id*. at 19 & fn. 19 (citing *Hernandez v. Baylor Univ.,* 274 F. Supp. 3d 602, 619-20 (W.D. Tex. 2017) and *Lozano*, 408 F. Supp. 3d at 894; *Mitchell v. Baylor Univ*., No. 6:22-cv-00195-ADA-DTG, 2022 WL 2307480, at *5 (W.D. Tex. June 27, 2022), *report and recommendation adopted*, No. 6:22-CV-00195-ADA, 2022 WL 3219418 (W.D. Tex. Aug. 9, 2022)). Plaintiff concludes by asserting that this District has previously imposed a duty on persons like Defendant Woodson. *Id*. (citing *Hernandez*, 274 F. Supp. 3d at 621.

To assert a claim for negligence, Plaintiff must demonstrate that Defendants owed her a legal duty. The existence of a duty is a threshold question, without which there can be no liability. *Thapar v. Zezulka*, 999 S.W.2d 635, 637 (Tex. 1999). The existence of a duty is a

question of law for the Court. *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).

No courts have imposed a duty in a situation like the present case. The Texas Supreme Court has expressly declined to find a special relationship between a private university and its students. *Boyd*, 8 S.W.3d at 760. Additionally, there is no duty of care for employers investigating alleged employee misconduct. *Texas Farm Bureau Mutual Ins. v. Sears*, 84 S.W.3d 604, 608-09 (Tex. 2002) (declining to impose a duty of care on employers investigating the conduct of at-will employees); *Balderrama v. Pride Indus., Inc.*, 963 F. Supp. 2d 646, 666 (W.D. Tex. 2013) (holding that Texas has not recognized a tort for negligent investigation). Neither the parties nor the Court have identified cases imposing a broad negligence duty for accepting federal funds or adopting policies as Plaintiff argues. Similarly, Plaintiff has failed to allege facts supporting negligent training, supervision or retention claims. The only facts Plaintiff alleges for these claims are that an assistant coach, Benitez, tried to get Plaintiff to delete text messages and to not report the harassment—which Plaintiff did not do—and that Defendant Woodson allegedly accused Plaintiff of leaking information to the press and encouraged students to avoid Plaintiff. ECF No. 31 at 17-18; ECF No. 24 at ¶ 82. None of this conduct rises to the level required for an allegation of negligent training, supervision, or retention. *See Fernandez v. Transp. Designs, Inc.*, Civil No. SA:16-CA-022-OLG, 2017 WL 1294556, at *2 (W.D. Tex. Feb. 28, 2017) (granting summary judgment because of plaintiff's failure to show that the defendant hired an incompetent employee or that an alleged failure to train or supervise the employee created an unreasonable risk of harm).

The Court finds the *Hernandez* case most informative for Plaintiff's complaint. *Hernandez*, 274 F. Supp. 3d 602. In *Hernandez*, the court engaged in the multi-factor test and

imposed a duty under that case's specific facts. *Id*. at 618-19. The factors considered by the court included the risk of harm, the foreseeability of harm, the likelihood of injury versus the social utility of the defendant's conduct, the burden of guarding against the injury, and the consequences of placing a duty on the defendant. *Id*. at 619. In *Hernandez*, the facts included knowledge of a prior misdemeanor sexual assault and six prior reports of sexual assault by the same actor. That case also involved specific factual allegations of conduct by the university that increased the chance of future victims. The Court found the social utility of Baylor's conduct—a non-existent investigation and allowing the accused to remain on the football team—was substantially outweighed by the risk of future sexual assaults. *Id*. There are no such facts here, and thus no duty. *See Doe 1*, 240 F. Supp. 3d at 667-68 (dismissing claims of negligent hiring, training, and supervision).

*Lozano* does not impose a general duty on Defendants, and Plaintiff's reliance on that case is misplaced. *See* ECF No. 31 at 16 (arguing that *Lozano* imposed a duty on Defendant Baylor to protect Plaintiff from retaliation). *Lozano* considered the Texas Supreme Court's multi-factor test and determined that the facts in that case—involving allegations of a prior sexual assault and affirmative action by Baylor—increased the chance of a future sexual assault. *Lozano*, 408 F. Supp. 3d at 894. The underlying factual allegations and the risk, foreseeability, and likelihood of injury in *Lozano*, justified imposition of a duty. The underlying facts of this case do not.

Considering the risk, likelihood, and foreseeability of injury from Defendants' conduct compared to the social utility of Defendants' conduct, the court finds all weigh against imposition of a duty. The harm alleged by Plaintiff is that she was denied a tryout by the Women's tennis coach, who previously denied her a tryout, and that she was ostracized by other

students. ECF No. 24 ¶¶ 80, 115, 117. There is no harm regarding the women's tennis team as Plaintiff was in the same position before and after the allegedly wrongful conduct. And the burden of preventing students from ostracizing or treating another student differently following an investigation appears extremely high and difficult as it would require Defendant to control the conduct of other students, over whom it has no control in general. Additionally, requiring the exercise of such control—under Plaintiff's logic—could expose Defendant to liability to those other students as it seeks to control their behavior. *See* ECF No. 31 at 15 (arguing that a duty arises when one undertakes to act has a duty to use reasonable care). Under the multi-factor test followed by *Hernandez*, Plaintiff failed to allege facts that support imposition of a duty. The Court reaches a conclusion like *Doe 1* and is persuaded that there was no negligence duty owed by Defendants, and that Defendants' Motion should be **GRANTED** as to Plaintiff's negligence claims against Defendants Baylor or Woodson to Plaintiff. *See Doe 1*, 240 F. Supp. 3d at 666-668 (dismissing the plaintiffs' negligence claims).

### C. Plaintiff Failed to Identify Any Recoverable Damages Under Her Negligence Claims.

Additionally, Plaintiff failed to allege any recoverable damages under her negligence theories. Plaintiff makes a very general claim for damages of tuition reimbursement, lost educational opportunities, economic damages, emotional pain, "great pain of mind and body, physical injury, shock, mental anguish, emotional distress, physical manifestations of emotional distress," "conscious pain and suffering, inconvenience, mental anguish, and humiliation." ECF No. 24 at ¶¶ 118, 128, 132. Neither Plaintiff's Second Amended Complaint nor her response to Defendant's Motion identifies any factual support for her damages. *Id*.; ECF No. 31 at 20. Plaintiff's Second Amended Complaint undercuts any alleged damages as it affirms that she enrolled in Baylor after having been denied a tryout or spot on the women's tennis team and she

continued to enroll in Baylor after the alleged conduct and the continued denial of a tryout or spot on the women's tennis team. Despite all of Plaintiff's general allegations of mental anguish and emotional damages, Texas does not generally recognize a claim for such damages. *See Parkway Co. v. Woodruff*, 901 S.W.2d 434, 442 (Tex. 1995); *Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993) (declining to recognize a claim for negligent infliction of emotional distress). The Court is persuaded that Plaintiff has failed to allege any recoverable negligence damages, which is an additional reason Defendants' Motion should be **GRANTED** as to the negligence claims.

### V.   PLAINTIFF'S REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED.

Finally, the Court is persuaded that Plaintiff's request for leave to amend should be denied as futile. Plaintiff limits this request to her negligent hiring claim, and she does so in a footnote. ECF No. 31 at 18 n. 20. Plaintiff's footnote request does not include a copy of a draft amended complaint or any detail as to why leave should be granted. The deadline to file a motion to amend passed on April 1, 2024, with no formal motion being filed. ECF No. 56; *see generally Smith v. CommonSpirit Health*, 37 F.4th 1160, 1170 (6th Cir. 2022) (holding that a bare request to amend in a footnote is not a motion to amend under Rule 15(a)). Additionally, Plaintiff has had multiple opportunities to amend her complaint and state a viable cause of action. ECF Nos. 1, 6, & 24. An additional amendment would be Plaintiff's fourth attempt at pleading a viable claim. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (stating that factors to consider for granting leave to amend are timeliness and repeated failures to cure deficiencies by previous amendments). Based on Plaintiff's repeated inability to allege viable claims or damages, the Court's above recommendation to dismiss the negligent hiring claim, and Plaintiff's failure to

file a formal motion for leave with a proposed amendment, the Court is of the opinion that Plaintiff's footnote request for leave to amend her negligent hiring claim should be **DENIED**.

## VI.   CONCLUSION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant Baylor University and Defendant Woodson's Motion to Dismiss (ECF No. 30) should be **GRANTED** and all counts and claims in Plaintiff's Verified Second Amended Complaint as to Defendants Baylor and Woodson should be **DISMISSED WITH PREJUDICE**.

## VII.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

SIGNED this 11th day of July, 2024.

                                                             DEREK T. GILLILAND
                                                             UNITED STATES MAGISTRATE JUDGE