**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| JULIA BONNEWITZ, | § | |
| | § | |
| *Plaintiff,* | § | CASE NO. 6:21-CV-491-ADA-DTG |
| | § | |
| *v.* | § | |
| | § | |
| BAYLOR UNIVERSITY, BRIAN | § | |
| BOLAND, AND MICHAEL | § | |
| WOODSON, | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**TO:    THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Brian Boland's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 33). After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that, under 28 U.S.C § 1367, all counts and claims in Plaintiff's Verified Second Amended Complaint as to Defendant Brian Boland be **DISMISSED WITHOUT PREJUDICE**, and Defendant's Motion be **DENIED AS MOOT.**

## I.    FACTUAL BACKGROUND

Plaintiff's First Amended Complaint was previously dismissed for failing to state a claim against Defendant Baylor. ECF No. 20. That dismissal addressed Plaintiff's First Amended Complaint that asserted a Title IX Retaliation claim solely against Defendant Baylor. ECF No. 6

1

at 9. This Court found that Plaintiff failed to allege that Defendant Baylor had an official policy that resulted in the retaliation and that Plaintiff failed to plead facts showing deliberate indifference to the alleged retaliatory conduct. ECF No. 20 at 3-4. The Court also found that Plaintiff failed to allege facts plausibly showing a causal connection between the protected conduct and the alleged adverse action. The Court further found that Plaintiff failed to allege specific recoverable damages under recent Supreme Court case law. *Id.* at 5-7. Plaintiff was granted leave to replead and did so while adding defendants and expanding her complaint from nine to twenty-nine pages. *Compare* ECF No. 6, *with* ECF No. 24.

Plaintiff's Verified Second Amended Complaint added Defendants Woodson and Boland to the case, as well as several causes of action. ECF No. 24. The Court dismissed all claims against Defendants Baylor and Woodson on July 26, 2024. ECF No. 68. What remains is a state law claim for "direct negligence" against Defendant Boland. ECF No. 24 at 27.

## II.    DISCUSSION

### A.  The Court Declines to Exercise Supplemental Jurisdiction.

Plaintiff's sole allegation supporting this Court's jurisdiction over her state law negligence claim against Defendant Boland is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. ECF No. 24 at ¶ 9. However, § 1367 allows a district court to decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The general rule in this Circuit is to dismiss state law claims when the federal claims they supplement are dismissed. *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989); *see also Robertson v. Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998) ("[A] district court has wide discretion to refuse to hear a pendent state law claim."). Such is the case here, as the Court has dismissed all federal claims in this case and no longer has original jurisdiction. ECF No. 68. Given its wide discretion, the Court declines to exercise supplemental

2

jurisdiction over Plaintiff's remaining state law claim against Defendant Boland. Pendent state law claims are expressly dismissed without prejudice so that plaintiffs may refile their claims in the appropriate state court. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999). Accordingly, Plaintiff's remaining claim against Defendant Boland should be **DISMISSED WITHOUT PREJUDICE.**

## III.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that all counts and claims in Plaintiff's Verified Second Amended Complaint as to Defendant Brian Boland should be **DISMISSED WITHOUT PREJUDICE.** Defendant's Motion to Dismiss (ECF No. 33) should be **DENIED AS MOOT.**

## IV.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

SIGNED this 26th day of August, 2024.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE